**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Corinna L. White*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORINNA L. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>CHEWY, INC.,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF *and* DAMAGES**<br><br>JURY TRIAL DEMANDED |

### NATURE OF THE ACTION

1. This is an action for relief from violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq. ("PHRA").

2. Plaintiff Corinna L. White seeks declaratory and injunctive relief, actual damages, compensatory damages, punitive damages, reinstatement, attorneys' fees, litigation costs, and pre- and post-judgment interest as remedies for Defendant's violations of her rights.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction here.

6. Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

## PARTIES

7. Plaintiff is an adult individual resident and citizen of the Commonwealth of Pennsylvania.

8. Defendant is a business corporation incorporated in Delaware and licensed to do business in the Commonwealth of Pennsylvania. Defendant maintains corporate headquarters in Boston, MA and Dania Beach, FL. Defendant maintains office locations in Phoenix, AZ, Hollywood, FL, Ocala, FL, Clayton, IN, McCarran, NV, Dallas TX, Wilkes-Barre, PA, and Mechanicsburg, PA. At all relevant times, Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment.

9. At all relevant times, Defendant was Plaintiff's "employer" and Plaintiff was Defendant's "employee" within the meaning of the applicable law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed dual-filed charges of discrimination with the Pennsylvania Human Relations Commission (PHRC) and the U.S. Equal Employment Opportunity Commission (EEOC) alleging violations of the PHRA and the ADA. Pursuant to the

agencies' work-sharing agreement, EEOC waived its right to initially review the Plaintiff's first filed with PHRC.

11. On October 21, 2020, PHRC notified Plaintiff that because more than one year has elapsed since PHRC assumed jurisdiction over Plaintiff's charges, Plaintiff now has the right to bring this civil action. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 471 (3d Cir. 2001) (if the PHRC does not resolve the complaint within a year, the complainant may file a civil action); 43 P.S. § 962(c)(1) (if the complainant invokes the procedures set forth in the PHRA, that individuals right of action in the courts "shall not be foreclosed.")

12. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTS

13. Plaintiff's employment relationship with Defendant began when she was hired in August 2016 and continued through her discriminatory discharge on or about January 9, 2019.

14. Plaintiff worked at Defendant's Pennsylvania address—40 Dauphin Drive, Mechanicsburg, PA 17055.

15. Plaintiff worked as a full-time employee at an hourly rate of $15.50.

16. In May 2018, Plaintiff was diagnosed with cancer, a serious health condition that substantially limited one or more of Plaintiff's life activities. Thereafter, Plaintiff underwent chemoradiation therapy under the care of her physicians.

17. Plaintiff went out of work on leave intermittently between March 2018 and December 2018.

3

18. On November 29, 2018, after Plaintiff had finished chemoradiation therapy, her physician cleared her to return to work with restrictions.

19. On November 30, 2018, Plaintiff returned to work. Plaintiff presented Defendant with her doctor's note stating her restrictions and Plaintiff requested reasonable accommodations in accordance with her doctor's recommendations, which included no heavy lifting greater than 10-15 pounds and working 5-hour workdays only. Plaintiff's restrictions were due to low stamina and weakness from chemoradiation therapy and recovering from cancer.

20. At that time, Plaintiff's cancer illness substantially limited one or more of Plaintiff's life activities. Plaintiff was qualified to perform the essential functions of her job with reasonable accommodations.

21. Defendant failed to initiate an interactive process with Plaintiff to determine an appropriate reasonable accommodation. Defendant failed to offer Plaintiff other work.

22. Defendant denied Plaintiff's request for a reasonable accommodation—Defendant stated it could not accommodate Plaintiff's request to limit her workdays to 5 hours.

23. Defendant sent Plaintiff home and stated Plaintiff could not return to work until she was cleared to work full 8-hour workdays.

24. On December 12, 2018, Plaintiff's doctor modified her restrictions as follows: Plaintiff was cleared to return to work on December 15, 2018; Plaintiff was limited to no heavy lifting greater than 10-15 pounds; and limited to working 8 hour shifts maximum and a total of 40 hours per week maximum. Plaintiff's restrictions were due to low stamina and weakness from chemoradiation therapy and recovering from cancer. Plaintiff remained qualified to perform the essential functions of her job with reasonable accommodations.

25. Plaintiff provided the doctor's note with her modified restrictions to Defendant and requested to return to work.

26. Defendant failed to initiate an interactive process with Plaintiff to determine an appropriate reasonable accommodation. Defendant failed to offer Plaintiff other work.

27. Plaintiff's requests for accommodations were reasonable because they were feasible and plausible on their face and would have been effective in meeting Plaintiff's needs.

28. Plaintiff's requested reasonable accommodations would have allowed Plaintiff, an employee with a disability, an equal opportunity to enjoy the benefits and privileges of employment that employees without disabilities enjoy.

29. Plaintiff's requested reasonable accommodations would not have caused an "undue hardship" on Defendant.

30. Defendant denied Plaintiff's request for a reasonable accommodation—Defendant stated it could not accommodate Plaintiff's request to limit her lifting to no more than 10-15 pounds.

31. On December 19, 2018, Plaintiff's doctor wrote a third note with the same restrictions but noted that Plaintiff would be able to return to work full duty without restrictions on March 16, 2019.

32. On January 9, 2019, Defendant sent Plaintiff a letter terminating her employment. Defendant stated in its letter that it was "in receipt of [Plaintiff's] latest doctor's note indicating [Plaintiff's] restrictions"; that Defendant was "unable to accommodate [Plaintiff's] 10-pound lifting restriction"; and that "it is now clear there is no certainty that you will ever be able to perform the essential functions of your job with or without a reasonable accommodation." Defendant further noted that it had previously provided

Plaintiff "leave-after-leave-after-leave" due to her cancer illness, which Defendant characterized as "uncertain and indefinite leave." Defendant further stated that Plaintiff's "repeated requests can no longer be accommodated"—even though Defendant never accommodated Plaintiff's requests. Defendant further stated that Plaintiff was fired as of January 9, 2019 because of Defendant's generalized conclusion that Plaintiff's reasonable accommodation requests were "causing the company an undue hardship."

33. Defendant's generalized conclusion that Plaintiff's reasonable accommodations would cause an "undue hardship" were insufficient to support a claim of undue hardship. Defendant's claim of undue hardship was not based on any individualized assessment of current circumstances that show that a specific reasonable accommodation would cause significant difficulty or expense. Defendant is unable to show the nature and cost of the accommodation needed. Defendant's claim of undue hardship was clearly pretextual based on the overall financial resources of the facility making the reasonable accommodation; the number of persons employed at this facility; and the effect on expenses and resources of the facility. Additionally, Defendant's claim of undue hardship does not account for Defendant's overall financial resources, size, number of employees, and type and location of facilities of the employer. Plaintiff's request for reasonable accommodations would not have impacted the operation of the facility she was working at in a way that would cause an undue hardship on Defendant.

34. Defendant interfered with, restrained and/or denied Plaintiff's exercise (or the attempt to exercise) her rights under the ADA and PHRA.

35. Defendant improperly refused to authorize Plaintiff's request to return to work with reasonable accommodations under the ADA and PHRA.

36. Defendant failed to respond to Plaintiff's numerous inquiries concerning her rights and responsibilities under the ADA and PHRA.

37. When Plaintiff made a diligent, good faith effort to timely provide a medical certification, Defendant failed to give Plaintiff additional time to provide the certification and/or otherwise failed to engage in the interactive process.

38. Plaintiff provided a complete and sufficient medical certification that Defendant failed to accept.

39. Defendant improperly used Plaintiff's requests for reasonable accommodations under the ADA and PHRA as a deciding factor or factors in disciplining and firing Plaintiff.

40. Defendant discriminated against Plaintiff for opposing and/or complaining about Defendant's unlawful practices under the ADA and PHRA.

41. Plaintiff claims constructive and/or actual discharge.

42. Plaintiff claims a continuous practice of discrimination under the continuing violations doctrine.

43. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

44. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, salary, bonuses, benefits and other compensations which such employment entails; as well as past and future pecuniary losses, emotional distress, humiliation, suffering, inconvenience, loss of enjoyment of life activities, and other non-pecuniary loses.

45. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

46. Plaintiff is entitled to reinstatement, liquidated damages, attorneys' fees and costs.

47. Because Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff also claims punitive damages against Defendant.

48. The above are just some examples, of some of the discrimination and retaliation to which Defendant subjected Plaintiff.

<u>**COUNT I**</u>
**DISABILITY DISCRIMINATION**
<u>**AMERICANS WITH DISABILITIES ACT,**</u> <u>**42 U.S.C. §§ 12101**</u> **et seq.**

49. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

50. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

51. Moreover, the ADA contains an anti-retaliation provision, which provides that "no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

52. The ADA further provides that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any

other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

53. Furthermore, it is well-settled law that, under the ADA, employers have an obligation to provide a reasonable accommodation for a disabled employee and that the failure to provide a reasonable accommodation to an employee's known disability is a form of discrimination. 42 U.S.C. § 12112(b)(5)(A).

54. It is undisputed that (1) Plaintiff's cancer diagnosis qualifies as a disability; (2) Plaintiff's experience and performance establish she was qualified; and (3) Plaintiff was terminated (4) a short time after requesting a reasonable accommodation related to her cancer diagnosis and related reasonable accommodation requests.

55. Defendant cannot show a legitimate nondiscriminatory reason for its actions and any reasons proffered by Defendant for terminating Plaintiff's employment are pretextual and can readily be disbelieved.

56. Defendant engaged in an unlawful discriminatory practice by discriminating and retaliating against Plaintiff because of her disability and refusing to provide Plaintiff with a reasonable accommodation.

57. Defendant coerced, intimidated, threatened and interfered with Plaintiff's exercise and enjoyment of her rights granted under the ADA.

58. Defendant fired Plaintiff on account of her having exercised and enjoyed her rights granted under the ADA.

59. Because of Defendant's violations of the ADA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunity; harm to her business reputation;

loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays for the following relief: (1) actual damages; (2) compensatory damages; (3) reasonable attorneys' fees; (4) litigation costs; (5) pre- and post-judgment interest; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of the law; (7) punitive damages; (8) and all additional general and equitable relief to which Plaintiff is entitled.

<u>**COUNT II**</u>
**DISABILITY DISCRIMINATION**
<u>**PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§ 951 et seq.**</u>

60. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

61. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

62. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any

manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

63. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability, by failing to provide her reasonable accommodations, by harassing Plaintiff and by subjecting Plaintiff to a hostile work environment.

64. Defendant engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff because of Plaintiff's exercise and enjoyment of her rights under the PHRA, and on account of her opposition to the unlawful employment practices of her employer.

65. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of the PHRA § 955.

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays for the following relief: (1) actual damages; (2) compensatory damages; (3) reasonable attorneys' fees; (4) litigation costs; (5) pre- and post-judgment interest; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of the law; (7) punitive damages; (8) and all additional general and equitable relief to which Plaintiff is entitled.

## <u>COUNT III</u>
### DECLARATORY RELIEF ALLEGATIONS

66. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

67. A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties.

68. Plaintiff contends Defendant violated her rights as complained of herein.

11

69. Plaintiff is informed and believe that Defendant denies these allegations.

70. Declaratory relief is therefore necessary and appropriate.

**WHEREFORE**, Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

**COUNT IV**
**INJUNCTIVE RELIEF ALLEGATIONS**

71. Plaintiff repeats and realleges every allegation made in the above paragraphs of this complaint.

72. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

73. If this Court does not grant the injunctive relief sought, Plaintiff will be irreparably harmed.

**WHEREFORE**, Plaintiff seeks an order enjoining Defendant from engaging in the unlawful acts complained of herein.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Ian M. Bryson, Esquire*
IAN M. BRYSON, ESQUIRE
*Attorneys for Plaintiff, Corinna L. White*

Dated: January 12, 2021

12
